# In the United States Court of Federal Claims

No. 19-1122
Filed: March 26, 2020

|  |  |
|---|---|
| CHARLES ADAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## OPINION AND ORDER

**SMITH, Senior Judge**

On July 31, 2019, plaintiff, Charles Adair, proceeding *pro se*, filed his Complaint with this Court, requesting monetary compensation based on the United States' alleged wrongful collection of "assets from plaintiff without jurisdiction." Complaint (hereinafter "Compl.") at 1–2. On October 2, 2019, defendant filed its Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). *See generally* Motion of the United States to Dismiss the Complaint (hereinafter "Def.'s MTD"). On December 11, 2019, plaintiff filed his Response to defendant's Motion to Dismiss, reiterating his claim that the Internal Revenue Service ("IRS") did not "establish the jurisdiction to implement a tax of any kind" and arguing that this Court does have jurisdiction over this matter because it stems from a federal statute, and federal statutes are within this Court's jurisdiction. Objection of Charles Alan Adair [to Defendant's] Motion to Dismiss the Complaint (hereinafter "Pl.'s Resp.") at 2. Defendant filed its Reply on December 23, 2019. *See generally* Reply in Further Support of the Motion of the United States to Dismiss the Complaint (hereinafter "Def.'s Reply"). For the reasons set forth below, defendant's Motion to Dismiss is granted.

## I.      Background

Plaintiff filed tax returns for every taxable year from 2000–2017, with the exception of the 2015 and 2016 tax years. *See generally* Def.'s MTD Ex. C; *see also* Compl. Ex. 2 at 3. The IRS accepted plaintiff's self-assessed tax liabilities for each of those years. Def.'s MTD Ex. C. IRS records further reflect that plaintiff fully paid his tax liabilities for tax years 2000–2006, but that plaintiff has outstanding tax liabilities for tax years 2007–2014 and tax year 2017, all which remain unpaid. *Id.*

On July 23, 2018, plaintiff filed a petition for a refund with the United States Tax Court (hereinafter "Tax Court"), claiming that he had not received a Notice of Deficiency or Notice of

Determination Concerning Collection Action from the IRS for tax years 2000–2017. *See generally Id.* Ex. A. On September 7, 2018, the government filed a motion to dismiss the petition for lack of jurisdiction at the Tax Court, claiming that there was "no evidence that [the government] issued a Notice of Deficiency or Notice of Determination concerning petitioner's tax liability for each tax year from 2000–2017. Def.'s MTD Ex. B, at 006–016, 019 (hereinafter "Def.'s IRS MTD"). On October 23, 2018, the Tax Court granted the government's Motion to Dismiss, noting that petitioner failed to file an objection to defendant's Motion to Dismiss. Compl. Ex 2 at 1.

On June 5, 2019, the IRS filed a Notice of Federal Tax Lien against Mr. Adair totaling $65,656.67 for tax years 2007–2014 and for tax year 2017. *Id.* Ex. 2 at 3. Plaintiff subsequently filed a complaint with this Court on July 31, 2019, alleging that the government "injured Plaintiff in the amount of $476,965.05 by collecting assets without jurisdiction." *Id.* at 1. Specifically, plaintiff asserts that "[t]he United States is involved [in] knowingly and maliciously [acting] against Plaintiff and should be held accountable . . . [for] collect[ing] assets from plaintiff without jurisdiction," including the allegedly improper $65,656.67 in federal tax liens, $281,791.10 in "estimated IRS billings" for tax years 2000–2017, and $129,517.28 in "estimated [IRS] billings mailed." *Id.* Ex. 2 at 4.

On October 2, 2019, defendant filed a motion to dismiss with this Court, arguing that the Court lacks subject-matter jurisdiction over plaintiff's Complaint pursuant to RCFC 12(b)(1). Def.'s MTD at 1. Defendant claims that plaintiff confuses the Tax Court's jurisdiction "with the government's ability to carry out levies to satisfy plaintiff's tax liabilities." *Id.* at 5. Defendant further argues that the Court lacks jurisdiction because plaintiff "has not filed an administrative claim for refund that can serve as a basis for this suit for any of the tax years at issue" and because plaintiff "has not fully paid his tax liability for tax years 2007 through 2014 and 2017." *Id.* at 6–7; *see* 26 U.S.C. § 6511(a); 26 U.S.C. § 7422(a); *Tiernan v. United States*, 113 Fed. Cl. 528, 531 (2013); *Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993). Defendant also asserts that "[f]or tax years 2015 and 2016, there is no record that plaintiff ever filed a federal personal income tax return, let alone a return claiming a refund or a separate administrative claim for refund." *Id.* at 7. Finally, defendant argues that this Court lacks jurisdiction to adjudicate plaintiff's claims challenging the imposition of tax liens, claims for damages due to unauthorized collection or wrongful levy, or claims of a Fifth Amendment takings in the context of a tax lien. *Id.* at 8–9.

In his Response, plaintiff reiterated that the IRS failed "to establish the jurisdiction to implement a tax of any kind" and argued that because "the body of law [in] question [in] this matter falls within 26 U.S.C., which are federal Statutes," this Court has jurisdiction. Pl.'s Resp. at 1–2. Plaintiff also claims that the government "further injured Plaintiff by submitting false statements to [the Tax Court] about Plaintiff's actions in this matter" and by including in its filing before this Court information about a conversation that occurred between plaintiff and IRS counsel when the matter was before the Tax Court. *Id.* at 3. On December 23, 2019, defendant's filed its Reply, restating its arguments that this Court lacks jurisdiction over plaintiff's claims when plaintiff's claims sound in tort, pertain to an allegedly wrongful tax levy, challenge the government's lawful exercise of its tax collection powers, or pertain to a Fifth Amendment

takings claim "based on the government's lawful exercise of its tax collection powers." Def.'s Reply at 1–2. This matter is fully briefed and ripe for review.

## II.     Standard of Review

This Court has jurisdiction over claims for monetary damages—not sounding in tort—against the United States that are founded upon the Constitution, an Act of Congress, an executive department regulation, or an express or implied contract with the United States. *See* 28 U.S.C. § 1491(a)(1) (2018). The Tucker Act is merely a jurisdictional statute, however, and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Accordingly, to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

"Jurisdiction is a threshold matter that must be resolved before the Court can take action on the merits." *Remote Diagnostic Techs. LLC v. United States*, 133 Fed. Cl. 198, 202 (2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). In determining whether subject-matter jurisdiction exists, the Court will treat uncontroverted factual allegations in the complaint as true and will construe them in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Further, pleadings from *pro se* plaintiffs are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Despite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United States*, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted). *Pro se* or not, plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *Alston-Bullock v. United States*, 122 Fed. Cl. 38, 40 (2015); *see also Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017).

## III.     Discussion

The Court understands plaintiff's Complaint and request for relief as one based on a tax refund theory, in which plaintiff seeks a refund of allegedly improper taxes. *See Jackson v. United States*, 143 Fed. Cl. 242, 245 (2019). While "tax refund" is not explicitly stated in the Complaint, plaintiff alleges that the IRS injured plaintiff in the amount of $476,965.05 "by collecting assets without jurisdiction." Compl. at 1. Plaintiff further asks that the Court render judgment against the defendant in the amount of $476,965.05 as the relief. *Id*. at 3. In response, defendant asserts that this Court lacks jurisdiction over plaintiff's claims for a tax refund because plaintiff has not complied with the requirements set forth in *Martti v. United States*. Def.'s MTD at 7; *see Martti v. United States*, 121 Fed. Cl. 87, 96–97 (2015). In *Martti*, this Court noted that two requirements must be met for plaintiff to establish jurisdiction for a tax refund suit; the plaintiff must have timely filed a refund claim with the IRS, and the claimant must have fully paid its tax assessment to the IRS. *Martti*, 121 Fed. Cl. at 96–97; *see* 26 U.S.C. § 7422(a); *Shore*, 9 F.3d at 1527. Defendant also notes that plaintiff's Complaint does not comply with RCFC 9(m), as plaintiff failed "to provide a copy of any claims for refund or the statements required by Rule 9(m)(2)(B)." Def.'s MTD at 7 n.6.

It is well established that this Court's jurisdictional grant extends to suits for the refund of taxes remitted to the Treasury. *See* 28 U.S.C. § 1346(a)(1) (2019) (granting the Court of Federal Claims jurisdiction over civil actions "against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."); *see also Lovett v. United States*, 145 Fed. Cl. 175, 179 (2019); *Ont. Power Generation v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004); *Ledford v. United States*, 297 F.3d 1378 (Fed. Cir. 2002); *Shore*, 9 F.3d at 1525. However, a party must meet three prerequisites in order to show that this Court has jurisdiction over the claim. *See Jackson*, 143 Fed. Cl. at 246 (explaining that a plaintiff must satisfy the full payment rule, must timely file a tax return with the IRS, and that plaintiff's filing must comply with RCFC 9(m)).

The *Jackson* court established that, under the first prerequisite, a plaintiff must satisfy the full payment rule, in which the plaintiff must pay his principal tax deficiency in full to the IRS in order to maintain suit. *Jackson*, 143 Fed. Cl. at 246; *see also Flora v. United States*, 362 U.S. 145, 177 (1960); *Shore*, 9 F.3d at 1527 (holding that "taxpayers [must] prepay the tax principal before the Court of Federal Claims will have subject matter jurisdiction over their tax refund action under § 1491."). In *Flora*, the Supreme Court interpreted 28 U.S.C. § 1346(a)(1) to require the "full payment of the [tax] assessment before an income tax refund suit can be maintained in a Federal District Court." *Flora*, 362 U.S. at 177. Plaintiff did not allege or offer evidence in either his Complaint or Response to defendant's Motion to Dismiss that he paid his back taxes for the tax years 2007–2017. *See generally* Compl.; Pl.'s Resp. Moreover, the IRS records reflect that plaintiff had outstanding balances for unpaid taxes for the tax years 2007–2014 and tax year 2017. Def.'s MTD Ex. C, 034–35, 036–37, 038–39, 040–41, 042–43, 044–45, 046–47, 048–49, 053–54. Additionally, plaintiff failed to file federal income tax returns for the tax years 2015 and 2016. *Id.* at 050, 052. Thus, the Court finds that plaintiff has not satisfied the full payment rule for the tax years 2007–2017.

Under the second prerequisite set forth in *Jackson*, a plaintiff must timely file a tax refund claim for each corresponding year with the IRS. *See* 26 U.S.C. § 7422(a); *see also Jackson*, 143 Fed. Cl. at 246. The Internal Revenue Code provides in part that

> [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the [IRS].

26 U.S.C. § 7422(a). The Supreme Court has found that unless and until such a refund request is filed, "a suit for refund . . . may not be maintained in any court." *United States v. Dalm*, 494 U.S. 596, 602 (1990); *see Lovett*, 145 Fed. Cl. at 179. Plaintiff has not alleged or produced any documentation to show that that he filed any refund claims with the IRS for the tax years 2007–2017. *See generally* Complaint; Pl's Reply. IRS records reflect that plaintiff only filed refund claims for the tax years 2000–2006, receiving refunds or credits for those tax years on the

basis of overpayments.  *See* Def.'s MTD Ex. C, at 022–23, 024–25, 026–27, 028–29, 030, 031–32, 033.  As such, the Court finds that plaintiff has not timely filed tax refund claims for the tax years in question.

Finally, the Court of Federal Claims has a special pleading requirement for tax refund suits under RCFC 9(m).  *See* RCFC 9(m).  RCFC 9(m) requires, *inter alia*, a plaintiff to provide a copy of the claim for refund, and subsection 9(m)(2)(B) requires a statement identifying the tax year(s), amount, date, and place of each payment to be refunded.  RCFC 9(m); s*ee Patterson v. United States*, 19-843, 2019 WL 4053952, at 5 n.9 (Fed. Cl. Aug. 27, 2019); *see also Jackson*, 143 Fed. Cl. at 246.  Plaintiff has not provided the documentation required by RCFC 9(m).  "The requirements of [RCFC 9(m)] embody the jurisdictional prerequisites for maintaining such a suit in this court."  *Simmons v. United States*, 127 Fed. Cl. 154, 160 (2016).  Plaintiff failed to provide a copy of the claim for refund or a statement identifying the required information under Rule 9(m)(2)(B).  This Court has consistently dismissed similar suits where a plaintiff failed to provide any of the information or documents required by Rule 9(m).  *See, e.g.*, *Leber v. United States*, 146 Fed. Cl. 9 (2019); *Anderson v. United States*, No. 19-168, 2019 WL 2552938 (Fed. Cl. June 3, 2019); *Brennecke v. United States*, 145 Fed. Cl. 354 (2019).

As this Court stated in *Jackson*, "[u]nless a plaintiff satisfies these prerequisites, the Court of Federal Claims lacks jurisdiction to hear a tax refund suit."  *Jackson*, 143 Fed. Cl. at 246.  Plaintiff has not satisfied any of the three prerequisites, so the Court does not possess subject-matter jurisdiction over plaintiff's tax refund claim.

Defendant also raises the argument that, should plaintiff's claim "be construed as seeking recovery for harm to person or property," it would sound in tort, and this Court does not have jurisdiction over claims sounding in tort.  Def.'s MTD at 9 n.7.  The Court understands plaintiff's claim that the IRS "collected assets from plaintiff without jurisdiction," as an allegation that the IRS, through unauthorized actions, harmed plaintiff's person or property.  In *Jackson*, this Court found that "unauthorized acts by federal officials constitute torts."  *See Jackson*, 143 Fed. Cl. at 247; *see also Smithson v. United States*, 847 F.2d 791, 794 (Fed. Cir. 1988).  Therefore, the Court lacks jurisdiction over plaintiff's claim that the IRS collected assets without jurisdiction. 28 U.S.C. § 1491(a).

Finally, the Court understands plaintiff's assertion that the IRS "collect[ed] assets [from plaintiff] without jurisdiction" to be a claim that the government lacks the jurisdiction to collect taxes from him.  Compl. at 1; *see, e.g.*, *Patterson*, 2019 WL 4053952, at *4 n.8.  This Court has previously found that a Tax Court's conclusion that it lacks jurisdiction over a claim "does not demonstrate that the IRS improperly placed liens on plaintiff's property."  *Wall v. United States*, 141 Fed. Cl. 585, 597 (2019); *see Patterson*, 2019 WL 4053952, at *4 n.8 ("The Tax Court dismissed [plaintiff]'s petition because he failed to satisfy requirements for that court to hear his petition.  It was not a ruling on the merits of his claim or the propriety of the taxes assessed or of the IRS' attempt to collect those taxes.") (internal citation omitted).  As a Tax Court's dismissal for lack of jurisdiction is not a ruling on the merits of a plaintiff's claim or on the propriety of assessed taxes or the IRS's ability to collect taxes, the Court finds that the IRS has jurisdiction to collect taxes from the plaintiff.

**IV.      Conclusion**

Based on the foregoing, defendant's Motion to Dismiss is hereby **GRANTED**. Plaintiff's Complaint is **DISMISSED** without prejudice for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1).  The Clerk is hereby directed to enter judgment consistent with this Opinion.

**IT IS SO ORDERED.**

*Loren A. Smith*

Loren A. Smith, Senior Judge